

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,647-01

### EX PARTE ERIC DEVANE WARREN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F-1259376-P IN THE 203RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that he is actually innocent based on the complainant's affidavit recanting her allegations against him. He also alleges that counsel was ineffective for not discovering that the complainant would have recanted the allegations.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Tuley*, 109

S.W.3d 388, 393 (Tex. Crim. App. 2002); *Strickland v. Washington*, 466 U.S. 668 (1984). We believe that in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which, at a minimum, the complainant shall be called to testify. The trial court shall also order trial counsel to respond to Applicant's claim of ineffective assistance of counsel.

Before the trial court holds a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that the complainant's recantation proves he is actually innocent of the offense. The trial court shall make specific findings addressing the complainant's credibility. The trial court shall also make findings addressing whether this claim could have been discovered before Applicant pleaded guilty. The court shall make findings addressing applicant's reasons for pleading guilty and the complainant's reasons for her purported fabrications. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 7, 2015
Do not publish